UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
            :
TAFARI MBADIWE and RACHEL MILLER,  :
*on behalf of themselves and all others similarly* :
*situated,*           :
            :      22-CV-9542 (VSB)
          Plaintiffs,  :
            :      **OPINION & ORDER**
     - against -    :
            :
            :
AMAZON.COM, INC.,      :
            :
         Defendant.  :
            :
------------------------------------------------------------X

Appearances:

Daniel Zachary Goldman
Nancy J. Sandoval
Thomas Henry Bienert, Jr.
San Clemente, CA

Gordon Ball
Gordon Ball PLLC
Nashville, TN
*Counsel for Plaintiffs*

Karen L. Dunn
Martha Lea Goodman
William A. Isaacson
Amy J. Mauser
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Washington, DC
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is a motion to intervene and to dismiss, or in the alternative, to stay or transfer this action ("Motion to Intervene") filed by the plaintiffs in *Frame-Wilson, et.al v. Amazon.com*,

*Inc.*, No. 20-CV-00424 (RAJ) (W.D. Wash. 2020), (the "Proposed Intervenors[1]"). (Doc. 19.) Because I find that the Proposed Intervenors do not have a sufficiently substantial interest in the instant action, and because intervention will clearly prejudice the rights of the parties, the Proposed Intervenors' motion to intervene is DENIED.

## I.    Background

On March 19, 2020, *Frame-Wilson, et.al v. Amazon.com, Inc.*, No. 2:20-CV-00424 (RAJ) (W.D. Wash. 2020) was filed in the Western District of Washington. (Doc. 20 at 1.) The Plaintiffs in *Frame-Wilson* alleged that Amazon.com, Inc. ("Amazon" or "Defendant") "violated federal and state antitrust laws by reaching an agreement with third-party sellers on Amazon Marketplace that the sellers would not sell their products at a lower price on other sites." (*Id.*) Two and a half years later, on November 8, 2022, Tafari Mbadiwe ("Mbadiwe") and Rachel Miller ("Miller," together with Mbadiwe, "Plaintiffs") initiated this action by filing a complaint against Amazon. (Doc. 4, the "Complaint.") In the Complaint, Plaintiffs seek damages pursuant to the antitrust laws of 29 states because "Amazon prohibited third-party sellers by contract . . . from offering their products on any competing e-commerce platform . . . at lower prices or on more favorable terms than the third-party seller offered their products on the Amazon Platform." (Doc. 4 at ¶¶ 1, 8.)

On January 6, 2023, Plaintiffs filed a letter notifying me that a "Notice of Pendency of Other Action" was filed in *Frame-Wilson* and Plaintiffs "oppose the transfer of this action . . . to the United States District Court for the Western District of Washington." (Doc. 18 at 1.) On January 9, 2023, the Proposed Intervenors filed their Motion to Intervene, (Doc. 19), along with

---

[1] The Proposed Intervenors are: Deborah Frame-Wilson, Christian Sabol, Samanthia Russel, Arthur Scharein, Lionel Keros, Nathan Chaney, Chris Gulley, Sheryl Holly-Taylor, Anthony Courtney, Dave Westrope, Stacy Dutill, Sarah Arrington, Mary Elliot, Heather Geesey, Steve Mortillaro, Chaunda Lewis, Adrian Hennen, Glenda R. Hill, Gail Murphy, Phyllis Huster, and Gerry Kochendorfer. (Doc. 21-2 at 1.)

2

a memorandum of law, (Doc. 20), and a declaration, (Doc. 21), in support.  On January 20, 2023, Plaintiffs filed an amended complaint.  (Doc. 24, the "Amended Complaint.")  On February 1, 2023 Plaintiffs filed an opposition to the Motion to Intervene, (Doc. 29), and Defendant filed a response to the Motion to Intervene stating its position that the matter should not be transferred, but taking no position on the Proposed Intervenors' other requested relief, (Doc. 31).  On February 15, 2023, the Proposed Intervenors filed a reply memorandum of law in support of the Motion to Intervene.  (Doc. 33.)

On February 22, 2023, Plaintiffs filed a motion for leave to file a sur-reply in further opposition to the Motion to Intervene.  (Doc. 37.)  On February 23, 2023, the Proposed Intervenors filed a response in opposition to Plaintiff's motion for leave.  (Doc. 38.)  On February 28, 2023, I granted Plaintiff's motion for leave to file a sur-reply, (Doc. 39), which Plaintiffs filed on March 10, 2023, (Doc. 48).  On March 27, 2023, the Proposed Intervenors filed a notice of supplemental authority in support of the Motion to Intervene.  (Doc. 51.)  On March 31, 2023, Plaintiff's filed a response to the Proposed Intervenors' notice of supplemental authority.  (Doc. 56.)  On April 4, 2023, the Proposed Intervenors filed a second notice of supplemental authority.  (Doc. 57.)  On April 11, 2023, Plaintiffs filed a response to the Proposed Intervenors' second notice of supplemental authority.  (Doc. 58.)  On August 7, 2023, Plaintiffs filed a third notice of supplemental authority.  (Doc. 63.)  On August 9, 2023, the Proposed Intervenors filed a response to Plaintiffs' third notice of supplemental authority.  (Doc. 64.)

## II. **Legal Standard**

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P.

24(b)(1)(B).  In addition to the plain language of the statute, the Second Circuit has held that "[t]o be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'"  *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quoting *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)).  "[C]ourt[s] consider[ ] substantially the same factors whether the claim for intervention is 'of right' under [Rule 24(a)(2)], or 'permissive' under [Rule 24(b)(1)(B)]."  *R Best Produce*, 467 F.3d at 240. [2]  "Failure to meet any one of these four requirements is grounds for denial." *Mejia v. Time Warner Cable Inc.*, No. 15-CV-6445 (JPO), 2017 WL 3278926, at *17 (S.D.N.Y. Aug. 1, 2017) (internal quotation marks omitted).

Although district courts have "broad discretion" when considering permissive intervention, *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005), Rule 24(b) further provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3); *see also H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) ("The district court's discretion under Rule 24(b)(2) is very broad.").  The Second Circuit has held that the issue of prejudice and undue delay is "[t]he principal guide in deciding whether to grant permissive intervention."  *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994).

---

[2] Federal Rule of Civil Procedure 24(a), which governs interventions as of right, is not at issue here.

### III.     Discussion

#### A. *Timeliness*

Timeliness is a "threshold consideration" under Rule 24(b). *Pitney Bowes,* 25 F.3d at 74. Whether a motion is timely "defies precise definition," but "is not confined strictly to chronology." *Floyd*, 770 F.3d at 1058 (quoting *Pitney Bowes*, 25 F.3d at 70). When determining whether a motion to intervene is timely, courts may consider "'(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.'" *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (quoting *Pitney Bowes*, 25 F.3d at 70). Plaintiffs do not argue that the motion is untimely. Nor could they, as the Proposed Intervenors filed their motion only two months after this action was filed, before an answer was even filed. Accordingly, the timeliness element is met.

#### B. *Common Questions of Law or Fact*

A party may intervene if it has a claim or defense that "shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Proposed Intervenors assert that the two actions are "duplicative" and involve "the same defendant, the same antitrust allegations, and overlapping groups of consumers who purchased 'through any other retail e-commerce channel in the United States other than the Amazon Platform one or more products concurrently offered for sale by Amazon's third-party sellers on the Amazon Platform.'" (Doc. 20 at 2, 8.) The Proposed Intervenors explain that the primary differences between this action and the *Frame-Wilson* action are that the present action: "(i) relies solely on the Class Action Fairness Act to support this Court's jurisdiction over the instant action's state law claims, and (ii)

it asserts different class periods, cutting off damages after March 2019 and relying on fraudulent concealment to assert claims that pre-date the state-specific limitation periods." (*Id.* at 6.) Consistently, Plaintiffs assert that *Frame-Wilson* involves "broader anticompetitive conduct," different antitrust statutes, and a narrower class member definition.[3] (Doc. 29 at 3.)

Plaintiffs argue that "there are no common causes of action between this action and *Frame-Wilson*." (Doc. 29 at 4.) Although Plaintiffs are correct that the two matters do not share any claims, there are certainly common questions of fact. "It is well-established by district courts in the Second Circuit that the words claim or defense are not read in a technical sense, but only require some interest on the part of the applicant." *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, No. 19-CV-11285 (KMK), 2020 WL 5658703, at *9 (S.D.N.Y. Sept. 23, 2020) (cleaned up). *Frame-Wilson* and the present action name the same defendant and criticize the same contract provision for allegedly violating antitrust laws. (Doc. 20 at 2–4.) Regardless of their differences, permissive intervention only requires a single shared question of fact or law, which these actions certainly have. *See Newkirk v. Pierre*, No. 19-CV-4283 (NGG) (PK), 2021 WL 3145707, at *5 (E.D.N.Y. July 26, 2021); *McNeill v. N.Y.C. Hous. Auth.*, 719 F. Supp. 233, 250 (S.D.N.Y. 1989). Accordingly, the "shared questions" element under Rule 24(b) is met.

### C. *Interest in the Action*

In determining whether to exercise my discretion to permit intervention under Rule 24(b), I also must consider whether the Proposed Intervenors have an interest in the instant action that is "direct, substantial, and legally protectable." *Washington Elec. Co-op., Inc. v. Massachusetts*

---

[3] I note that the class member definitions appear to have been the same at one point, but the Court in *Frame-Wilson* narrowed the class definition in that matter. (Doc. 29 at 5.)

6

*Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).  "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."  *Calderon v. Clearview AI, Inc.*, No. 20-CV-1296 (CM), 2020 WL 2792979, at *4 (S.D.N.Y. May 29, 2020) (quoting *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 342 (E.D.N.Y. 2018)).

 I do not find that permissive intervention is warranted here because the Proposed Intervenors have not established a substantial, legally protectable interest in the instant action.  As an initial matter, the Proposed Intervenors do not directly address the caselaw in this Circuit concerning the district court's consideration of this factor, which is required "whether the claim for intervention is 'of right' under [Rule 24(a)(2)], or 'permissive' under [Rule 24(b)(1)(B)]."  *R Best Produce*, 467 F.3d at 240.  Instead, the Proposed Intervenors summarily assert that because they "have litigated their claims for almost three years and invested significant resources to the development of their case" they will be "greatly prejudice[ed]" by "[t]he possibility of another pending action on behalf of the same class members" and "possibly contradictory rulings."  (Doc. 20 at 8–9.)  I disagree that this justifies permissive intervention here.  The Proposed Intervenors contend that the two actions are "parallel and near-identical class actions."  (*Id*. at 9.)  However, at this point, no class has been certified in the instant action or in the *Frame-Wilson* action.  Indeed, the deadline for plaintiffs to file their class certification motion in that action was recently adjourned to June 12, 2024.  (*See Frame-Wilson, et.al v. Amazon.com, Inc.*, No. 20-CV-00424 (RAJ) (W.D. Wash. 2020), Doc. 138.)  As Courts in this circuit have held, "any interest in protecting the rights of proposed intervenors and their putative class is too speculative to warrant intervention[.]"  *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 342–43 (E.D.N.Y. 2018); *Mejia v. Time Warner Cable Inc.*, No. 15-CV-6445 (JPO), 2017 WL 3278926, at *1 (S.D.N.Y. Aug. 1,

2017) (finding proposed intervenors' interest in similar class action "too remote to justify intervention" prior to class certification).  In addition, and as Plaintiffs argue, the two actions have partially non-overlapping class definitions.  (Doc. 29 at 8.)  Plaintiffs in the instant action assert claims against Amazon based on antitrust and consumer protection laws of 29 states "on behalf of purchasers of products from Amazon's competitors, not its alleged co-conspirators."  (*Id*. at 15 (citing FAC ¶¶ 97, 112–113).)  The Proposed Intervenors, as named plaintiffs in *Frame-Wilson*, assert federal antitrust claims against Amazon "on behalf of direct purchasers from Amazon's co-conspirators."  (*Id*. at 1.)

Moreover, even if I did find that the Proposed Intervenors had established a sufficient interest in the instant action, they have not explained how any such interest would be impaired by the disposition of this action.  *See Calderon*, 2020 WL 2792979, at *6 ("Identical issues of law arise in pending cases all the time.  Sometimes they give rise to conflicting interpretations of law (indeed, conflicting interpretations of law among Circuit courts is how most cases get to the Supreme Court).")  As another court faced with a similar permissive intervention motion noted, "[t]he interest that [the Proposed Intervenors] [are] really seeking to protect is an interest in controlling the fate of, and the fees to be earned in, several class actions that would, were they all in the same court, be consolidated[.]"  *Id*. at *4.

Accordingly, I find that the Proposed Intervenors have not established a sufficient interest in the instant action justifying intervention.[4]

---

[4] Because I find that the Proposed Intervenors have not established a sufficient interest in the instant action, I need not consider whether any such interest would be protected adequately by the parties to the action.

### D. *Prejudice and Undue Delay*

Even if the Proposed Intervenors had a sufficient interest in the instant action, intervention would "unduly delay or prejudice the adjudication of the rights of the original parties," which is the "principal guide in deciding whether to grant permissive intervention." *Pitney Bowes*, 25 F.3d at 73 (quoting Fed. R. Civ. P. 24(b)(2)); *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (same).  The Proposed Intervenors assert that Plaintiffs are not prejudiced because the interests of the Plaintiffs in this matter are already represented in *Frame-Wilson*.  (Doc. 20 at 9.)  As explained above, the Proposed Intervenors essentially ignore the differences between the two actions—including the different claims and different class periods—that the Proposed Intervenors and Plaintiffs agree are present.  (Doc. 20 at 6; Doc. 29 at 3.)  These differences mean that Plaintiffs interests are not entirely represented in *Frame-Wilson*.

Importantly, courts in this Circuit have "previously recognized that intervention for the sole cause of dismissing, staying, or transferring an action—the very action sought here—is prejudicial to the original parties' right to proceed before the court of their choosing."  *Calderon*, 2020 WL 2792979, at *8 (citing *Travis*, 284 F. Supp. 3d at 346–47 (finding prejudice to the original parties when proposed intervenors "do not seek to intervene to participate in this case" but only to "dismiss, stay, or transfer this action," which "would prejudice the rights of [plaintiff] and [defendants] given that they wish to proceed before this Court.")).  Here, the Proposed Intervenors explicitly state that they seek "to intervene in this action for the sole purpose of seeking relief under the first-to-file rule." (Doc. 20 at 1.)[5]  Plaintiffs oppose dismissing the

---

[5] The first-to-file rule requires that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (internal quotation marks omitted).  District courts have an "ample degree of discretion" when balancing conveniences.  *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994) (internal quotation marks omitted).

action, and both Plaintiff and Defendant oppose transferring the matter to the Western District of Washington. (Docs. 29, 31.) I agree that Plaintiffs would be prejudiced by intervention. This prejudice exists despite the Proposed Intervenors' wish to apply the first-to-file rule. *See Travis*, 284 F. Supp. 3d at 346 (E.D.N.Y. 2018) (denying motion to intervene where "[p]roposed intervenors . . . seek to intervene for the purpose of moving to dismiss, stay, or transfer this action under the first-to-file rule.")

Accordingly, because I find that the Proposed Intervenors do not have a sufficiently substantial interest in the instant action, and because intervention will clearly prejudice the rights of the parties in this action, the Motion to Intervene is DENIED. Absent intervention, I need not reach the merits of the Proposed Intervenors' Motion to dismiss, transfer, or stay this action. *See U.S. ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009) ("intervention is the requisite method for a nonparty to become a party to a lawsuit.").

## IV.   Conclusion

For the reasons stated above, the Proposed Intervenors' Motion to Intervene is DENIED.

SO ORDERED.

Dated: March 29, 2024
      New York, New York

*Vernon Broderick*

Vernon S. Broderick
United States District Judge

10